WARREN WHITNEY *vs.* INHABITANTS OF SHERBORN.

In order to acquire a new domicil, it is not necessary that the person should reside in the place in question with the purpose of making it his permanent home and residence; but it is sufficient if he resides there with the intention to remain for an indefinite period of time, and without any fixed or certain purpose to return to his former place of abode.

CONTRACT against the inhabitants of Sherborn to recover back $9.35 paid by the plaintiff, after being arrested for non-payment thereof, to the collector of taxes of that town, for a tax assessed in that town upon his poll and personal estate for the year 1862.

At the trial in the superior court, before *Vose*, J., it was conceded by the plaintiff that he had his domicil in Ashland, where he owned and lived upon a farm, until January 1st 1861. On that day he moved with his family and furniture into a house in Sherborn, for the purpose of overseeing some men employed by him and seeing to some wood which he had purchased in the vicinity, and lived there, taking no written lease, until July 1862, when he moved back to his home in Ashland. The plaintiff introduced evidence tending to show that, when he moved from Ashland in January 1861, he left his cattle upon his farm there, and employed a man to take care of them there till April 1861, when he removed most of them to Sherborn. " In May 1861 he made an agreement with one Gardner to move into his house

in Ashland, and take care of his fences and cattle there, and carry on the planting land at the halves, and the plaintiff carried on the work of the Ashland farm, and sold the hay and grain from it;" and it was a part of the agreement that, if the plaintiff should at any time be obliged to leave Sherborn, he should move back to his house in Ashland, and Gardner should leave it. In April 1862 Gardner wished to remain on the Ashland farm another year, but the plaintiff told him he should wish to return there before the end of the year, but that Gardner could remain till the plaintiff went back; and Gardner left there May 15th 1862, and the house thereafter remained vacant till the plaintiff's return in July 1862. There was also evidence as to the plaintiff's intention, on the 1st of May 1862, to return to Ashland.

The defendants requested the court to instruct the jury that, if the plaintiff removed all his household furniture from Ashland to Sherborn more than a year previous to May 1st 1862, letting his house in Ashland, hiring and occupying a house in Sherborn with himself and his whole family, and doing the other acts and things testified to by himself in relation to change of domicil, the intention originally entertained by him to retain his residence in Ashland must, in order to be effectual, be continued during all the time he so resided in Sherborn, and that if such intention was abandoned by him, or he became doubtful of his return to Ashland, then his actual residence in Sherborn would determine his domicil to be there; and also that, upon the foregoing testimony, his domicil, for the purpose of taxation, was in Sherborn, independently of the question of his intention.

The judge declined so to rule, but instructed the jury that "a removal by a person having a domicil, of his residence from the place of his domicil, with the intention of not returning, to a new place of residence, accompanied by the intent of making his home a permanent habitation in the new place, constitutes a change of domicil; that to effect such a change there must be a removal from the old home, accompanied by a purpose not to return there, and a taking up a residence in another town, accompanied with the intent of making a new home there; that

Whitney *v.* Inhabitants of Sherborn.

it being conceded that the plaintiff's domicil was in Ashland down to January 1st 1861, when he removed his family and furniture to Sherborn, the jury must be satisfied that on May 1st 1862 he was residing in Sherborn with the purpose of making his permanent home and residence there, and of not returning to Ashland, to warrant their finding him personally liable to taxation in Sherborn on May 1st 1862; that the removal of his family and furniture from Ashland to Sherborn, and his continued residence there till May 1st 1862, were circumstances to be considered in determining the place of his domicil, and would authorize the jury in finding that his domicil was in Sherborn in May 1862, unless they should be satisfied from all the evidence in the case that such residence in Sherborn was intended by him to be only temporary, and that he proposed to return to Ashland after he had accomplished the object for which he removed to Sherborn."

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. W. Bacon,* for the defendants, cited *Carnoe* v. *Freetown,* 9 Gray, 357; *Holmes* v. *Greene,* 7 Gray, 299; *Mead* v. *Boxborough,* 11 Cush. 362; *Hill* v. *Fuller,* 14 Maine, 121; *Church* v. *Rowell,* 49 Maine, 367.

*L. H. Wakefield,* for the plaintiff, cited *Lazell* v. *Lazell,* 8 Allen, 575, and cases cited; *Cochrane* v. *Boston,* 4 Allen, 177; *Bulkley* v. *Williamstown,* 3 Gray, 493; *Abington* v. *North Bridgewater,* 23 Pick. 170; *Jennison* v. *Hapgood,* 10 Pick. 98.

BIGELOW, C. J.    The first instruction asked for by the counsel for the defendants embodied a correct statement of the rule of law applicable to one aspect of the facts proved at the trial. The omission to give it was error, because it left the jury without any rule for their guidance in case they found the facts to be as stated.    But this was not the only error.    The jury were misdirected by the instruction that, in order to find the plaintiff's residence to be in Sherborn, they must be satisfied that on May 1st 1862 he was residing there " with the purpose of making it his permanent home and residence, and of not returning to Ashland."    The proper instruction would have been, that if the

plaintiff was residing in Sherborn on May 1st 1862, with an intention to remain there for an indefinite period of time, and without a fixed purpose to return to Ashland as soon as his work in Sherborn was completed, or if the latter purpose was uncertain or doubtful, then his legal domicil would be in Sherborn. The plaintiff must have a domicil somewhere. It could not be in Ashland, if he had gone to reside elsewhere having no intention to return to his old home, or if his purpose was unformed or indeterminate, either as to the length of his residence in Sherborn, or as to his eventual return to Ashland. If such was the state of the case, there could be no concurrence of fact and intent, which would be necessary in order to create a legal domicil in the latter place. *Mead* v. *Boxborough*, 11 Cush. 362. *Holmes* v. *Greene*, 7 Gray, 299. *Carnoe* v. *Freetown*, 9 Gray, 357. *Exceptions sustained.*